**UNTIED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL W. BEHRMANN, <br><br>　　　　Plaintiff, <br><br>v. <br><br>BERGEN COUNTY DEPARTMENT OF CORRECTIONS, COUNTY OF BERGEN, JOHN DUFFY, BERGEN COUNTY JAIL, DAVID BEHRENS, CORRECTIONS OFFICER MATTHEW MURRAY CORRECTIONS OFFICER TODD HAMMONDS, JOHN DOES 1-10, ABC CORPORATIONS 1-10, AND XYZ AGENCIES, ORGANIZATIONS, DEPARTMENTS 1-10, <br><br>　　　　Defendant(s), | UNTIED STATES DISTRICT COURT DISTRICT OF NEW JERSEY <br><br> Civil Action No. 04-2242 (JAG) <br><br> **REPORT AND RECOMMENDATION** |

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.C.S. § 1983, alleging that he was severely beaten while he was incarcerated at the Bergen County Jail on February 14, 2004 by defendant corrections officers Hammonds and Murray, and by corrections sergeant Berhens. He claims he was

1

denied medical treatment for injuries sustained. Plaintiff also named as defendants the Bergen County Department of Corrections; the County of Bergen; John Duffy, Administrator of the Bergen County Jail; and various "John Does." On July 19, 2004, Judge Joseph A. Greenaway, Jr. directed that plaintiff's in forma pauperis status be granted and permitted the Complaint to be filed. Judge Greenaway also dismissed the Complaint against all defendants except defendants Berhens, Murray and Hammonds. The remaining defendants timely filed their Answer and cross claims.

On December 3, 2004 Magistrate Judge G. Donald Haneke entered a Scheduling Order which directed all parties to complete all pretrial memoranda by April 8, 2005.

On March 24, 2005, Magistrate Judge Haneke entered an Order Compelling Discovery, directing the plaintiff to supply answers to interrogatories within twenty (20) days. Thereafter, plaintiff served answers to interrogatories.

By letter dated April 19, 2005, defendants averred that plaintiff's answers to interrogatories were insufficient and requested an Order compelling more specific answers to interrogatories. Plaintiff did not object to that request.

By letter dated May 6, 2005, defendants proposed an Order to Compel more specific answers to interrogatories numbered: 1, 2, 3, 4, 8, 10, 11, 15, 19, and 22. Magistrate Judge Haneke entered the Order to Compel on June 1, 2005, and directed the plaintiff to provide more specific answers within twenty (20) days.

On August 24, 2005 defendants filed a motion to dismiss the Complaint for failure to comply with the Court's Order pursuant to the June 1, 2005 Order and F.R.C.P. 16(f).

On September 1, 2005, I entered an Order that afforded the plaintiff one final opportunity to provide more specific answers to interrogatories by, or before, October 15, 2005. I provided the

plaintiff with additional time so that he would have sufficient time to receive the Order and to provide more specific responses to the defendants.  Finally, I expressly advised the plaintiff that failure to comply with the Order may result in the ultimate sanction of dismissal of his Complaint.

To date, plaintiff has failed to provide defendants with more specific answers to the interrogatories at issue as directed by my Order and by Judge Haneke's Order.

### DISCUSSION

Plaintiff's failure to comply with his discovery obligations and the Orders of this Court require this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals noted six factors which must be considered to determine whether the sanction of default is appropriate.  The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense.  Id. at 868.

The Poulis factors are applied to the facts to determine if default is proper.

First, the plaintiff is proceeding pro se.  Therefore, he is personally responsible for failing to comply with all discovery obligations and Orders of the Court.

Second, the plaintiff's failure to provide makes it impossible for discovery to be completed and for this action to proceed.  Judge Haneke ordered plaintiff to provide more responsive answers to interrogatories; he failed to do so.  This Court provided plaintiff with a second opportunity to provide answers to interrogatories.  Again, he failed to do so.  I am satisfied that the defendant has been prejudiced by plaintiff's failure to comply with his discovery obligations and the court Orders.

Third, there is a history of non-compliance here. The plaintiff initially failed to provide discovery. Judge Haneke was required to enter an order compelling discovery on March 24, 2005. Subsequently, on June 1, 2005, Magistrate Judge Haneke entered an Order compelling more responsive answers. Responsive answers were not forthcoming. On September 1, 2005, this Court again offered plaintiff one final opportunity to provide more specific answers. Plaintiff again failed to do so.

Fourth, based on the totality of circumstances here, I am satisfied that plaintiff has made a wilful decision not to prosecute the civil litigation as demonstrated by his pattern of non-compliance.

Fifth, alternate sanctions will not be appropriate. Plaintiff has demonstrated an apparent lack of desire to prosecute this action. This Court's September 1, 2005 Order expressly advised the plaintiff that failure to comply would result in the ultimate sanction of dismissal. A monetary sanction would be ineffective from a party who is presently incarcerated.

This Court is unable to determine the meritoriousness of the claim, or defense, on the pleadings alone, and therefore the sixth factor is not reached.

Four of the six <u>Poulis</u> factors weigh in favor of dismissing the Complaint and entering default. A court does not need to satisfy all six of the <u>Poulis</u> factors in order to enter default. <u>See</u> <u>Midek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d. Cir. 1992). The plaintiff here has refused to comply with Orders of this Court and has not met his discovery obligations in this matter. Therefore, discovery cannot be completed and the ultimate sanction of default is merited.

## **CONCLUSION**

For the reasons set forth above, I recommend that the plaintiff's Complaint be dismissed with prejudice.

The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**


Original:    Clerk
cc:          Hon. Joseph A. Greenaway, U.S.D.J.
             File